**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Quintin Jones,                        )
                                      )
            Plaintiff,                )      No. CIV 10-2701-PHX-SRB (DKD)
                                      )
vs.                                   )
                                      )      **ORDER**
Maricopa County Sheriff's Office, et. al, )
                                      )
            Defendants.               )
_____)

        Plaintiff, formerly an inmate at ASPC-Douglas, filed a *pro se* Prisoner Civil Rights Complaint pursuant to 42 U.S.C. § 1983 on December 15, 2010 (Doc. 1). The Court issued a Notice of Assignment on that date, a copy of which was mailed to Plaintiff, in which he was warned that failure to file a Notice of Change of Address could result in the case being dismissed (Doc. 2). The Court issued an order for payment of the inmate filing fee on March 15, 2011, and ordered defendant to answer the Complaint (Doc. 7,8). On March 21, 2011, copies of the Court's March 15 Orders mailed to Plaintiff at his last known address were returned as undeliverable, indicating that Plaintiff was no longer in custody (Doc. 9). Plaintiff has not filed a change of address.

        Plaintiff has the general duty to prosecute this case. *Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc.*, 587 F.2d 27, 29 (9th Cir. 1978). In this regard, it is the duty of a plaintiff who has filed a *pro se* action to keep the Court apprised of his or her current address and to comply with the Court's orders in a timely fashion. This Court does not have an affirmative obligation to locate Plaintiff. "A party, not the district court, bears the burden of

1    keeping the court apprised of any changes in his mailing address."  *Carey v. King*, 856 F.2d

2    1439, 1441 (9th Cir. 1988).  Plaintiff's failure to keep the Court informed of his new address

3    constitutes failure to prosecute.

4        Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the

5    plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move

6    for dismissal of an action."  In *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962), the

7    Supreme Court recognized that a federal district court has the inherent power to dismiss a case

8    *sua sponte* for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules

9    of Civil Procedure appears to require a motion from a party.  Moreover, in appropriate

10    circumstances, the Court may dismiss a complaint for failure to prosecute even without notice

11    or hearing.  *Id.* at 633.

12        In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the

13    Court must weigh the following five factors:  "(1) the public's interest in expeditious resolution

14    of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the

15    defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the

16    availability of less drastic sanctions."  *Carey*, 856 F.2d at 1440 (quoting *Henderson v. Duncan*,

17    779 F.2d 1421, 1423 (9th Cir. 1986)).  "The first two of these factors favor the imposition of

18    sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction.

19    Thus the key factors are prejudice and availability of lesser sanctions."  *Wanderer v. Johnson*,

20    910 F.2d 652, 656 (9th Cir. 1990).

21        Here, the first, second, and third factors favor dismissal of this case.  Plaintiff's failure

22    to keep the Court informed of his address prevents the case from proceeding in the foreseeable

23    future.  The fourth factor, as always, weighs against dismissal.  The fifth factor requires the

24    Court to consider whether a less drastic alternative is available.  Without Plaintiff's current

25    address, however, certain alternatives are bound to be futile.  Here, as in *Carey*, "[a]n order to

26    show cause why dismissal is not warranted or an order imposing sanctions would only find itself

27    taking a round trip tour through the United States mail."  856 F.2d at 1441.

28

1    The Court finds that only one less drastic sanction is realistically available.  Rule 41(b)

2    provides that a dismissal for failure to prosecute operates as an adjudication upon the merits

3    "[u]nless the court in its order for dismissal otherwise specifies."  In the instant case, the Court

4    finds that a dismissal with prejudice would be unnecessarily harsh.  The Complaint and this

5    action will therefore be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules

6    of Civil Procedure.

7        **IT IS THEREFORE ORDERED** that pursuant to Rule 41(b) of the Federal Rules of

8    Civil Procedure this action is dismissed without prejudice and the Clerk of the Court shall enter

9    judgment accordingly.

10

11    DATED this 6th day of April, 2011.

12

13

14    _____

15                     Susan R. Bolton
                 United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

- 3 -